```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**LAMAR D. PERDUE,**

    **Petitioner,**

                                             Civil Action No. 1:20CV216
                                             Criminal Action No. 1:19CR19-3
**v.**                                                      (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
<u>CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL</u>**

Pending is the pro se petition filed by Lamar D. Perdue ("Perdue") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 275).[1] For the reasons that follow, the Court **GRANTS** the petition **IN PART** and **VACATES** Perdue's judgment in his criminal case. The Court shall **ENTER** a separate amended judgment and **APPOINT** counsel for the sole purpose of assisting Perdue in filing a notice of his intent to appeal.

**<u>I. BACKGROUND</u>**

**A. Underlying Criminal Case**

On March 5, 2019, a grand jury returned a seven-count indictment and forfeiture allegation in which Perdue was charged

---

[1] All docket numbers refer to Criminal Action No. 1:19CR19 unless otherwise noted.

**PERDUE v. UNITED STATES**                                           **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN**
**CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

with (1) Conspiracy to Possess with the Intent to Distribute and Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846 ("Count One"); (2) Aiding and Abetting Possession with the Intent to Distribute Methamphetamine Within 1000 Feet of a Protected Location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 860(a) ("Count Two"); (3) Aiding and Abetting Possession with the Intent to Distribute Heroin Within 1000 Feet of a Protected Location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a) ("Count Three"); (4) Aiding and Abetting Possession with the Intent to Distribute Fentanyl Within 1000 Feet of a Protected Location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a) ("Count Four"); (5) Aiding and Abetting Possession with the Intent to Distribute Cocaine Hydrochloride Within 1000 Feet of a Protected Location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a) ("Count Five"); (6) Aiding and Abetting Possession with the Intent to Distribute Cocaine Base Within 1000 Feet of a Protected Location, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a) ("Count Six"); and (7) Aiding

**PERDUE v. UNITED STATES**　　　　　　　　　　　　**1:20CV216/1:19CR19-3**
**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN**
**CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

and Abetting Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Seven") (Dkt. No. 16).

On May 10, 2019, the Government moved to dismiss Counts Five and Six after laboratory reports established that the substances seized following Perdue's arrest did not contain cocaine hydrochloride or cocaine base (Dkt. No. 76). The Court granted that motion and dismissed Counts Five and Six with prejudice (Dkt. No. 80).

On May 15, 2019, without the benefit of a plea agreement, Perdue entered a guilty plea to the remaining counts in the Indictment (Dkt. Nos. 84, 93). Prior to sentencing, he filed a sentencing memorandum seeking a downward variance to the statutory minimum of 15 years, or 180 months, of imprisonment (Dkt. No. 204). In support, he argued that "a 15 year sentence is more than sufficient to comply with the factors of § 3553." Id. at 2.

At Perdue's sentencing hearing held on September 10, 2019, the Court calculated his advisory guideline range of imprisonment on Counts One, Two, Three, and Four to be 135 to 168 months (Dkt. No. 299-2 at 8). As to Count Seven, Perdue was statutorily required

3

**PERDUE v. UNITED STATES**                        **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

to serve a consecutive 60-month term of imprisonment. Id. After hearing argument on Perdue's motion, the Court sentenced him to concurrent sentences of 135 months of imprisonment on each of Counts One, Two, Three, and Four, and a consecutive sentence of 60 months of imprisonment on Count Seven, for a total sentence of 195 months of imprisonment (Dkt. No. 208). The Court also imposed concurrent terms of supervision of five (5) years on Count One, ten (10) years on Count Two, six (6) years on Counts Three and Four, and three (3) years on Count Seven. Id. Perdue did not appeal his sentence.

**B. Section 2255 Petition**

On September 3, 2020, Perdue filed the instant petition pursuant to 28 U.S.C. § 2255 (Dkt. No. 275), claiming that his trial counsel was ineffective based on the following grounds: (1) counsel failed to file a notice of appeal; (2) counsel failed to explain the sentencing factors under 18 U.S.C. § 3553(a); (3) counsel failed to advance mitigation arguments; (4) counsel ignored possible defenses to the charges; (5) counsel coerced him into pleading guilty; and (6) counsel failed to argue for a variance under Dean v. United States, 581 U.S. 62 (2017). The

4

**PERDUE v. UNITED STATES**                          **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

Government has contested all of Perdue's asserted grounds for relief (Dkt. No. 299).

## II. APPLICABLE LAW

Section 2255(a) permits a federal prisoner who is in custody to assert the right to be released if his "sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if his "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A petitioner alleging ineffective assistance of counsel must establish, by a preponderance of the evidence, that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

5

**PERDUE v. UNITED STATES**                              **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

To satisfy the first prong, a petitioner must demonstrate that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 2064. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To satisfy the second prong, the petitioner must establish that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694.

### III. DISCUSSION

Perdue contends that his trial counsel was ineffective because he failed to consult with him about filing a notice of appeal (Dkt. No. 275-1). Relying on an affidavit from Perdue's

6

**PERDUE v. UNITED STATES**                           **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

attorney, the Government argues Perdue never requested that his counsel file an appeal, nor did his counsel reasonably believe Perdue desired to pursue an appeal (Dkt. No. 299 at 13-15). After careful review, the Court concludes that trial counsel was ineffective because he failed to consult with Perdue about filing a notice of appeal.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). When "determining whether a rational defendant would have wanted to appeal, [the Fourth Circuit] consider[s] . . . whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010).

**PERDUE v. UNITED STATES**                                          **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

    While declining to impose a "bright line rule," the Supreme Court has cautioned that "courts evaluating the reasonableness of counsel's performance using the [Flores-Ortega] inquiry . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." 528 U.S. at 481. Explaining when counsel would not have such a duty, the Supreme Court supplied the following example: "[A] defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal." Id. at 479.

    Here, it is undisputed that Perdue never asked his counsel to file an appeal and that, after sentencing, counsel failed to consult with him about his intention to appeal. In support of his decision not to consult, counsel states that he "did not believe [Perdue] desired to seek an appeal" as (1) there were no meritorious issues to raise an appeal, (2) Perdue had not raised

8

**PERDUE v. UNITED STATES**                               **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

any issues, and (3) the Court had already advised Perdue of his appellate rights (Dkt. No. 299-3 at 1). Perdue, on the other hand, contends he "diligently made efforts to communicate with [counsel] in order to effectuate a notice of appeal" (Dkt. No. 275-1 at 8).

The record convinces the Court that counsel had reason to consult with Perdue about his desire to appeal. In Perdue's sentencing memorandum, counsel had argued for a downward variance to the statutory minimum of 15 years, or 180 months, of imprisonment (Dkt. No. 204). In that memorandum, and again during sentencing, counsel had argued that Perdue's lack of criminal history and age weighed in favor of a variance to a below guideline sentence. Id. Despite this advocacy, the Court rejected these arguments and sentenced Perdue to a guidelines sentence of 195 months of imprisonment, 15 months higher than the sentence sought by counsel. Given the denial of his motion for a variance, "there [was] reason [for counsel] to think . . . that a rational defendant would [have] want[ed] to appeal." Flores-Ortega, 528 U.S. at 480.

Because his trial attorney failed to consult with Perdue about an appeal when it was reasonable to do so, the Court will grant his habeas petition for the sole purpose of extending the direct

9

**PERDUE v. UNITED STATES**                              **1:20CV216/1:19CR19-3**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

appeal period in this case, thereby providing Perdue another opportunity to file a notice of appeal. In light of its decision to grant Perdue limited habeas relief, it is unnecessary for the Court to consider the other grounds of ineffective assistance of counsel raised in Perdue's petition.

## IV. CONCLUSION

For the reasons discussed, the Court:

1. **GRANTS IN PART** Perdue's § 2255 petition regarding his claim that his trial counsel failed to consult with him about filing a notice of appeal;

2. **DISMISSES WITHOUT PREJUDICE** Perdue's other grounds for relief;

3. **VACATES** Perdue's judgment in Criminal Action No. 1:19CR19-3 (Dkt. No. 208) and, by separate order, shall **ENTER** an amended judgment to permit Perdue to file a notice of his intent to appeal. See United States v. Glover, 363 F. App'x 989 (4th Cir. 2010); and

4. **APPOINTS** the Office of the Federal Public Defender for the Northern District of West Virginia for the sole

**PERDUE v. UNITED STATES**                          1:20CV216/1:19CR19-3

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PETITIONER'S § 2255 PETITION, VACATING JUDGMENT IN
CRIMINAL CASE, ENTERING AMENDED JUDGMENT, AND APPOINTING COUNSEL**

purpose of filing a notice of intent to appeal on behalf of Perdue. Id.

It is so **ORDERED**.

The Clerk **SHALL** enter a separate judgment order; transmit a copy of this Order, the separate judgment order, and the amended judgment order to Perdue by certified mail, return receipt requested, and to the Federal Public Defender and United States Attorney's Office by electronic means; and strike this case from the Court's active docket.

DATED: September 12, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE